UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAZA ABBAS RIZVI,

    Plaintiff,

v.                                       Case No. 5:22-cv-257-TKW/MJF

SCOTT PAYNE, et al.,

    Defendants.
_____/

# **ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 12) and Plaintiff's objection (Doc. 14). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed based on Plaintiff's failure to disclose his litigation history.

The Court did not overlook Plaintiff's claim that he was under the impression that he was only required to list prior "lawsuits" and that he simply "made an honest mistake" by not listing a prior habeas case. This claim is unpersuasive because Question VIII(C) on the civil rights complaint form specifically asked whether Plaintiff filed any prior "habeas petition … challenging [his] conviction," and there is nothing unclear or confusing about this question—particularly since the complaint

form also stated: "**Be advised that failure to disclose all prior federal and state cases—including, but not limited to civil cases, <u>habeas cases</u>, and appeals—may result in the dismissal of this case**" (bold in original, underling added). Thus, there is no excuse for Plaintiff's failure to disclose the habeas case that he omitted. *See Kendrick v. Inch*, 2021 WL 2623215, at *1 (N.D. Fla. June 25, 2021) (rejecting prisoner's argument that his complaint should not be dismissed because the cases he failed to disclose were criminal cases challenging his conviction because "even if that is true …, it would not excuse [the prisoner's] failure to disclose the cases because the civil rights complaint form specifically required him to list 'any other lawsuits in federal court challenging [his] conviction'"), *aff'd sub nom. Kendrick v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 2388425 (11th Cir. July 1, 2022); *Johnson v. Burch*, 2019 WL 4596569, at *1 (N.D. Fla. Sep. 23, 2019) (rejecting prisoner's argument that the civil rights complaint form only required prisoner to disclose lawsuits seeking money).

The Court also did not overlook Plaintiff's argument that he should be given an opportunity to file an amended complaint disclosing the omitted case. However, the Eleventh Circuit has explained that "allow[ing] [a prisoner] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006); *see also Easley v. Inch*, 2019 WL 3774617, at *2 n.2 (N.D. Fla. Aug. 12, 2019) (noting

that "it would make a mockery of the judicial process if a plaintiff was allowed to wait until after the magistrate ruled to fully disclose his or her litigation history"). The two cases cited by Plaintiff for the proposition that the magistrate judge should have given him an opportunity to amend his complaint are not binding authority, and "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form." *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020); *see also Wromas v. Cromartie*, 2022 WL 1450704, at *1 (N.D. Fla. May 9, 2022) (citing multiple cases for the proposition that "[t]he Court cannot simply allow [the prisoner] to file an amended complaint listing the omitted case because that would not be an adequate sanction or deterrent.").

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is **DISMISSED** without prejudice under 28 U.S.C. §1915A(b)(1) as an abuse of the judicial process.

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 27th day of February, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**